

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| EASTWOOD INSURANCE SERVICES, INC., | No. 09-55384 |
| Plaintiff - Appellant, | D.C. No. 8:08-cv-00553-AG-AN |
| v. | MEMORANDUM[*] |
| U. S. SPECIALTY INSURANCE COMPANY, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted April 6, 2010
Pasadena, California

Before: PREGERSON and BEEZER, Circuit Judges, and GRAHAM, Senior
District Judge.[**]

Eastwood Insurance Services, Inc. ("Eastwood Insurance") sued its insurer,

U.S. Specialty Insurance Company ("Speciality Insurance"), for failing to defend

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

[**] The Honorable James L. Graham, Senior United States District Judge
for the Southern District of Ohio, sitting by designation.

Eastwood Insurance against claims by Elizabeth Ayala ("Ayala"), a former Eastwood Insurance employee, for wrongful termination and violations of the Family Medical Leave Act ("FMLA") and the California Family Rights Act ("CFRA"). The district court granted Speciality Insurance's motion for summary judgment, holding that the "interrelated claims" provision of its policy barred coverage for claims made against Eastwood Insurance during the policy period because the claims were based on the same series of facts as pre-policy claims for sexual harassment and retaliation. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

Under the liability policy issued by Speciality Insurance, Eastwood Insurance was insured from losses "arising from Claims first made against [Eastwood] during the [applicable policy period]." The policy excluded coverage for claims arising out of the same facts and circumstances as a pre-policy claim. Before Eastwood Insurance's policy took effect, Ayala filed a complaint of discrimination before the California Department of Fair Employment and Housing ("DFEH") alleging sexual harassment and retaliation by her supervisor at Eastwood Insurance. Ayala also filed a civil lawsuit in state court, which went to arbitration.

2

After Specialty Insurance issued its policy to Eastwood Insurance and while Ayala arbitrated her sexual harassment and retaliation claims, Ayala took medical leave due to depression. Eastwood fired Ayala when she failed to provide a medical certification to extend her medical leave within five days of a written request to do so. Ayala then filed claims for wrongful termination and violations of FMLA and CFRA in a third DFEH complaint, in a motion to amend her first state court complaint, and in a second state court complaint.

Speciality Insurance refused to defend Eastwood Insurance against Ayala's wrongful termination and FMLA and CFRA claims because Speciality Insurance determined that those claims were interrelated with the pre-policy harassment and retaliation claims. Ayala eventually prevailed in arbitration and was awarded $300,753 in damages against Eastwood Insurance. Later on, Eastwood Insurance filed suit against Speciality Insurance in California state court for failing to defend Eastwood Insurance against Ayala's wrongful termination and FMLA/CFRA

3

claims.[1]  After Speciality Insurance removed the action to federal court, the district court granted Speciality Insurance's motion for summary judgment.  The district court concluded that Speciality Insurance did not have a duty to defend Eastwood Insurance against Ayala's wrongful termination and FMLA/CFRA claims because those claims were barred by the interrelated claims provision in Specialty Insurance's policy.

We review de novo a district court's grant of summary judgment. McDonald v. Sun Oil Co., 548 F.3d 774, 778 (9th Cir. 2008).  The duty to defend arises if "the insurer learns facts – whether from the complaint, the insured or another source – which create a potential for the third party to assert a covered claim."  Devin v. United Services Auto. Ass'n, 8 Cal. Rptr. 2d 263, 268 (Ct. App. 1992).

Speciality Insurance was on notice that Ayala's wrongful termination and FMLA/CFRA claims were potentially covered by the policy.  These claims were all made within Speciality Insurance's policy period and arose from different facts

_____

[1] Eastwood Insurance also asserts that Speciality Insurance had a duty to defend it against Ayala's second DFEH complaint, which was filed within the policy period, but before she was terminated.  There is no evidence that Eastwood Insurance informed Speciality Insurance of the second DFEH complaint or that it requested a defense for that complaint.  Accordingly, Speciality Insurance did not have a duty to defend Eastwood Insurance against that complaint. See Gray v. Zurich Insurance Co., 419 P.2d 168, 175-177 (Cal. 1966).

4

and circumstances than Ayala's pre-policy sexual harassment and retaliation claims. Ayala's FMLA/CFRA claims arose from the fact that Eastwood Insurance fired Ayala for failing to provide the necessary medical certification to extend her medical leave.[2] These claims were completely separate and distinct from the sexual harassment and retaliation that Ayala experienced at the hands of her supervisor. Because Ayala's wrongful termination and FMLA/CFRA claims arose from different facts and circumstances than Ayala's pre-policy sexual harassment and retaliation claims, the interrelated claims provision does not exclude the wrongful termination and FMLA/CFRA claims from coverage.

Speciality Insurance argues that Ayala's wrongful termination and FMLA/CFRA claims interrelate with her pre-policy sexual harassment and retaliation claims because Ayala alleged in her motion to amend her first state court complaint that these claims were related. This argument fails. To determine whether an insurer has a duty to defend an insured, California courts consider whether the insurer had any information that indicated a particular claim was covered. See Scottsdale Ins. Co. v. MV Transp., 115 P.3d 460, 466 (Cal. 2005). California courts do not rely on the allegations in a third-party complaint to

_____

[2] FMLA and CFRA require employers to give employees 15 days to provide medical certification. See 29 C.F.R.§ 825.305(b); Cal. Admin. Code, tit. 2, § 7297.4(b)(3).

determine whether coverage exists. See Gray v. Zurich Ins. Co., 419 P.2d 168, 176 (Cal. 1966) ("To restrict the defense obligation of the insurer to the precise language of the pleading would not only ignore the thrust of the cases but would create an anomaly for the insured . . . [thus, in] light of the likely overstatement of the complaint and of the plasticity of modern pleading, we should hardly designate the third party as the arbiter of the policy's coverage.").

Eastwood Insurance specifically informed Speciality Insurance that it could be held liable on Ayala's new claims for wrongful termination and violation of FMLA/CFRA because it failed to provide Ayalasufficient time to produce her medical certification. Because Speciality Insurance had this information, Speciality Insurance knew that the wrongful termination and FMLA/CFRA claims were potentially covered by the policy and, therefore, had a duty to defend Eastwood Insurance against these claims in the third DFEH complaint, the motion to amend, and the second state court complaint.

Speciality Insurance's duty to defend extended to the entire suit. See State v. Pac. Indem. Co., 75 Cal. Rptr. 2d 69, 75-76 (Ct. App. 1998) (holding that under California law, if any part of any claim is potentially covered, the insurer has a duty to defend the entire lawsuit, and may seek reimbursement from the insured for defense costs "that could be specifically allocated to the defense of claims that

were not even potentially covered"). Accordingly, the trial court's grant of summary judgment in favor of Speciality Insurance is REVERSED and the matter is REMANDED for further proceedings in accordance with this disposition.